*132 OPINION.
MoRRis:
The sole question for our consideration and determination is whether the gift by the decedent on December 27, 1918, to the petitioner of 125 shares of corporate stock constituted a transfer in contemplation of death within the purview of section 402 (c) of the Revenue Act of 1921, which provides:
Sec. 402. That the value oí the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—
« * * * * * *
(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money’s worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.
Since the gift in question was made more than four years prior to the death of the decedent there is no statutory presumption that it was in the nature of a final disposition or distribution and that it was made in contemplation of death. It is necessary, therefore, to draw from the testimony adduced by the petitioner the state of mind of the decedent at or about the time these gifts were made and determined therefrom whether the transfer was made in contemplation of death.
We are unable to find anything from which a conclusion may be logically deduced that there was an existing physical infirmity which might have, or reasonably should have, created an apprehension in the mind of the decedent of impending death on December 27, 1918, when the gift in controversy was made. On the contrary, the record shows clearly that he was vigorous, healthy, strong, and quite active at all times prior to July 1920 when he was stricken with what resembled apoplexy or paralysis. The decedent’s most intimate friends and business associates and his personal physician regarded his physical condition as very good prior to that time. It is true that he suffered an attack of laryngitis in the fall of 1918, but the testimony of his personal physician, who attended him at that time, to the *133 effect that the illness was no more serious than an ordinary cold and that he found it unnecessary to treat the decedent at his home, satisfies us that his life was not in peril, and, furthermore, that there was nothing in the illness which would excite or create any suspicion of impending death.
We, therefore, hold that the gift in controversy was not made by the decedent in contemplation of death within the meaning of subdivision (c) of section 402 of the Revenue Act of 1921, and that the respondent was in error in including the value of 8,000 shares of the capital stock of the Mutual Oil Co. in the decedent’s gross estate.

Judgment will be entered under Bule 50.